UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:12-22939-CV-Lenard/O'Sullivan

FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER FOR
COLONIAL BANK,

       Plaintiff,

v.

CARLOS A. Gil, an individual, CARLOS
A. GIL, P.A., a Florida Corporation; and
STEWART TITLE GUARANTY
COMPANY, a Nebraska insurance
company,

       Defendants.
_____/

## ANSWER AND DEFENSES

Defendant, STEWART TITLE GUARANTY COMPANY ("STGC"), answers the Complaint and states:

### GENERAL ALLEGATIONS

#### PARTIES

1. Without knowledge and therefore denied.

2. Without knowledge and therefore denied.

3. Without knowledge and therefore denied.

4. Without knowledge and therefore denied.

5. Without knowledge and therefore denied.

6. Admitted.

25030594.2

## JURISDICTION AND VENUE

7. Admitted.

8. Admitted.

## THE LOAN BACKGROUND

9. Without knowledge and therefore denied.

10. Without knowledge and therefore denied.

11. Without knowledge and therefore denied.

## THE CLOSING OF THE LOAN

12. Without knowledge and therefore denied.

13. Without knowledge and therefore denied.

14. Without knowledge and therefore denied.

15. Without knowledge and therefore denied.

16. Without knowledge and therefore denied.

17. Without knowledge and therefore denied.

18. Without knowledge and therefore denied.

19. Without knowledge and therefore denied.[1]

20. Denied.

## THE MORTGAGE STACKING SCHEME[2]

21. Without knowledge and therefore denied.

22. Without knowledge and therefore denied.

23. Without knowledge and therefore denied.

---

[1] In response to the Complaint's footnote 1, STGC admits that federal law regulates the use of the HUD-1 settlement statement, and all allegations inconsistent therewith are denied.

[2] In response to the Complaint's footnote 2, STGC admits that the term "mortgage stacking" can be applied to the arrangement described, but denied that the closing agent in this transaction participated in or had knowledge of such a scheme in this transaction.

25030594.2

24. Without knowledge and therefore denied.

25. Without knowledge and therefore denied.

26. Without knowledge and therefore denied.

27. Without knowledge and therefore denied.

28. Without knowledge and therefore denied.

29. Without knowledge and therefore denied.

30. Without knowledge and therefore denied.

31. Without knowledge and therefore denied.

32. Without knowledge and therefore denied.

33. Without knowledge and therefore denied.

34. Without knowledge and therefore denied.

35. Without knowledge and therefore denied.

36. Without knowledge and therefore denied.

## COUNT I
## BREACH OF CONTRACT
## (AGAINST CARLOS A. GIL AND CARLOS A. GIL, P.A.)

37 – 42   These allegations are contained in a Count that is not directed to STGC, therefore no response is required.  To the extent any response may be required, STGC denies the allegations.

## COUNT II
## BREACH OF FIDUCIARY DUTY
## (AGAINST CARLOS A. GIL AND CARLOS A. GIL, P.A.)

43 – 48.   These Allegations are contained in a Count that is not directed to STGC, therefore no response is required.  To the extent any response may be required, STGC denies the allegations.

- 4 -

## COUNT III
## NEGLIGENT MISREPRESENTATION
## (AGAINT CARLOS A. GIL AND CARLOS A. GIL, P.A.)

49 – 55.  These allegations are contained in a Count that is not directed to STGC, therefore no response is required. To the extent any response may be required, STGC denies the allegations.

## COUNT IV
## BREACH OF CONTRACT
## (AGAINST STEWART TITLE GUARANTY COMPANY)

56. STGC incorporates its responses to paragraph 1-36.

57. Admitted that STGC's title insurance policy and closing protection letter were issued in the transaction, that a closing protection letter is an indemnity contract in a form prescribed by the State of Florida, and that Exhibit B is a copy of the closing protection letter. Otherwise denied.

58. The language of the closing protection letter, which is in a form prescribed by the State of Florida, speaks for itself. Otherwise denied.

59. Denied.

60. Denied.

61. Denied.

## ALL ALLEGATIONS NOT EXPRESSLY ADMITTED ARE DENIED

## DEMAND FOR JURY TRIAL

STGC demands a trial by jury on all issues so triable.

## DEMAND FOR ATTORNEYS FEES

STGC demands recovery of its reasonable attorney's fees and expenses incurred in connection with its defense of this action whether pursuant to 28 U.S.C. §2412, Fla. Stat. §57.105, or otherwise, and STGC also seeks an award of its costs.

### Defenses[3]

1. <u>Failure to Give Timely Notice</u>. Colonial Bank and/or FDIC-R failed to provide timely notice of its alleged loss as required by the closing protection letter.

2. <u>No Indemnifiable Loss</u>. The losses claimed by FDIC-R do not constitute indemnifiable actual losses within the meaning of the closing protection letter.

3. <u>Standing</u>. FDIC-R is not the owner of the subject claim and lacks standing to pursue this action.

4. <u>Assumption of the Risk</u>. Colonial Bank knew, should have known, or was on notice of, the matters that give rise to this claim. By choosing nevertheless to authorize the closing of the loan transaction described in the Complaint, Colonial Bank assumed the risk of the type of loss alleged in the Complaint.

5. <u>Ratification</u>. Colonial Bank knew, should have known, or was on notice of, the matters that give rise to this claim. By choosing nevertheless to authorize the closing of the loan transaction described in the Complaint, Colonial Bank ratified the transaction alleged in the Complaint, and cannot now seek to recover from STGC the type of loss alleged in the Complaint.

---

[3] By denominating the matters alleged below as "Defenses," STGC is not intending to shift, and is not shifting, the burden of proof as to any matters for which Plaintiff already has such burden, nor is STGC intending to limit, or limiting, the arguments it can make in opposition to Plaintiff's claims by virtue of its denials of the allegations of the Complaint.

25030594.2

6. <u>Waiver</u>. Colonial Bank knew, should have known, or was on notice of, the matters that give rise to this claim. By choosing nevertheless to authorize the closing of the loan transaction described in the Complaint, Colonial Bank waived any right to seek to recover from STGC the type of loss alleged in the Complaint.

7. <u>Estoppel</u>. Colonial Bank knew, should have known, or was on notice of, the matters that give rise to this claim. By choosing nevertheless to authorize the closing of the loan transaction described in the Complaint, Colonial Bank is estopped to recover from STGC the type of loss alleged in the Complaint.

8. <u>In Pari Delicto</u>. Colonial Bank knew, should have known, or was on notice of, the matters that give rise to this claim. By choosing nevertheless to authorize the closing of the loan transaction described in the Complaint, Colonial Bank acted with unclean hands and is therefore barred by the doctrine of in pari delicto.

9. <u>No Violation of the Closing Protection Letter</u>. The claim does not come within, or is excluded by, the terms of the closing protection letter.

10. <u>Colonial Bank's Own Practices and Policies Caused Any Loss</u>. On information and belief Colonial Bank engaged in a deliberate practice of regularly making loans that were subject to the same or similar types of deficiencies which FDIC-R is now claiming give rise to this claim. Any loss claimed by FDIC-R is attributable to Colonial Bank's own practices and policies.

11. <u>Colonial Bank's Employees or Agents Caused Any Loss</u>. On information and belief, Colonial Bank's employees or agents initiated, engaged in, and/or effected the wrongful actions alleged in the Complaint. Any loss claimed by FDIC-R is attributable to Colonial Bank's own employees or agents.

12. <u>Failure to Mitigate</u>.  Colonial Bank and/or FDIC-R failed to take all appropriate action to minimize the damages that FDIC-R claims.

13. <u>Impairment of Rights of Subrogation</u>.  To the extent there may be any loss payable under the closing protection letter, Colonial Bank and/or FDIC-R impaired and/or will impair STGC's rights of subrogation as provided in the closing protection letter, reducing or eliminating such payable loss.

14. <u>Intervening Acts of Third Parties</u>.  On information and belief, FDIC-R's alleged losses are attributable, in whole or part, to the actions or omissions of third parties who are not party to this Action.  Those third parties, and not STGC, are responsible in whole or in part for FDIC-R's alleged losses and any such losses should be apportioned to those third parties accordingly.

15. <u>Collateral Source</u>.  On information and belief, FDIC-R's alleged losses have been paid, satisfied, or accounted for, in whole or part, by sources who are not parties to this Action.  Accordingly, STGC  is entitled to an off-set or reduction in any award to the extent of such payment, satisfaction or accounting.

16. <u>Liability is Limited by the Terms of the Closing Protection Letters</u>.  Any liability of STGC is limited by the terms of the closing protection letter, including without limitation paragraph C thereof, which provides that "liability hereunder as to any particular loan transaction shall be coextensive with liability under the policy issued to you in connection with such transaction."

17. <u>Loss of Property Value Not Indemnified</u>.  The terms of the closing protection letter do not insure the value of the real property serving as collateral for Colonial Bank's loan

and do not provide for reimbursement of alleged losses that are the result of a loss of market value of a subject property.

*s/Mark A. Brown*
Mark A. Brown (316210)
e-mail:  mbrown@carltonfields.com
Marty J. Solomon (523151)
e-mail:  msolomon@carltonfields.com
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Boulevard
Post Office Box 3239
Tampa, Florida  33607-5736
Tel:     813-223-7000
Fax:     813-229-4133
*Attorneys for Defendant Stewart Title Guaranty Company*

and

*s/Thomas Meeks*
Thomas Meeks (314323)
e-mail:  tmeeks@carltonfields.com
CARLTON FIELDS, P.A.
100 S.E. Second Street, Suite 4000
Miami, FL 33131-9101
Tel:     305-530-0050
Fax:     305-530-0055

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 4, 2012, I electronically served the foregoing document on all counsel of record on the following service list.

 *s/Mark A. Brown*

**SERVICE LIST**

Michael Jay Rune, II,
Email: mrune@welbaum.com
Robert A. Hingston,
Email: rhingston@welbaum.com

25030594.2

Melissa J. Gomberg
Email: mgomberg@welbaum.com
Welbaum Guernsey
901 Ponce De Leon Blvd., Penthouse Suite
Coral Gables, Florida 33134
Tel:    305-441-8900
Fax:    305-441-2255
*Attorneys for Plaintiff, FDIC*

Kenneth S. Pollock
Florida Bar No.: 69558
SHENDELL & POLLOCK, P.L.
Fountain Square
2700 North Military Trail
Boca Raton, Florida 33431
Tel: (561) 241-2323
Fax: (561) 241-2330
ken@shendellpollock.com
*Attorneys for Gil Defendants*