UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 12-22939-CIV-LENARD/O'SULLIVAN

FEDERAL DEPOSIT INSURANCE
CORPORATION as Receiver for COLONIAL
BANK,

                      Plaintiff,

vs.

CARLOS A. GIL, an individual; CARLOS A.
GIL, P.A., a Florida corporation; and STEWART
TITLE GUARANTY COMPANY, a Nebraska
insurance company,

                      Defendants.

_____/

**PLAINTIFF, FEDERAL DEPOSIT INSURANCE CORPORATION AS
RECEIVER FOR COLONIAL BANK'S, OPPOSITION TO
<u>DEFENDANTS' MOTION TO STAY OR ABATE PROCEEDINGS</u>**

Plaintiff, Federal Deposit Insurance Corporation as Receiver for Colonial Bank ("Plaintiff" or "FDIC-R"), by and through its undersigned counsel, hereby submits this opposition to Defendants, Carlos A. Gil and Carlos A. Gil, P.A.'s (collectively "Defendants" or "Gil"), Motion to Stay or Abate Proceedings (the "Motion") [DE 42], and in support thereof states:

Case No.: 12-22939-CIV-LENARD/O'SULLIVAN

## I. INTRODUCTION

This action arises from Defendants' wrongful actions taken in connection with the closing of a real estate transaction in which Colonial Bank funded a $719,550.00 mortgage loan (the "Loan"). Unbeknownst to Colonial Bank at the time it funded the Loan, the parties to the transaction were engaging in a mortgage stacking scheme whereby they had arranged for two transactions to take place at the same time funded by two separate mortgage loans from two separate lenders (Colonial Bank and Mellon Trust). The two transactions closed simultaneously so that neither lender was aware of the scheme, allowing for the parties to obtain double mortgages on the same property, *i.e.* stacked mortgages. The fraudsters enlisted Defendants to assist with the scheme and help keep the lenders in the dark in three ways: (1) the Defendants accepted, held, and later disbursed the funds from both mortgages either directly, as was the case with the Colonial Bank mortgage, or indirectly from the closing agent as with the case of the Mellon Trust mortgage; (2) Defendants caused Colonial Bank's mortgage to be recorded after Mellon Trust's mortgage so that Colonial Bank would not have a first position lien on the property; and (3) Defendants never advised Colonial Bank about the true nature of the transaction and the stacked mortgages. Having participated in the stacking scheme in this manner, Defendants not only violated Colonial Bank's closing instructions, they also breached their fiduciary duty to Colonial Bank and in the process engaged in negligent misrepresentations, all of which are the basis of the FDIC-R's claims in the instant action.

Seeking to temporarily avoid accountability for their actions, Defendants have now moved to stay or abate the proceedings in this federal court action pending the resolution of an unrelated state court action. [DE 42]. At the heart of Defendants' Motion are their contentions that (1) both actions involve similar, though not the same parties; and (2) the claims in both cases are similar in that they are both somehow, either directly or indirectly, related to the same real estate property.

In reality, however, the state court action does not involve the same parties or the same issues as the instant federal court action, and as such, Defendants' Motion is unfounded. Indeed,neither of the Defendants nor the FDIC-R are parties to the state court action. Moreover, the state court action concerns issues completely independent of the issues before this Court. The state court action is an action in equity seeking foreclosure of a mortgage or, in the alternative, the establishment and foreclosure of an equitable lien on real property based upon the borrower's

default.  By contrast, the instant action is an action at law seeking money damages for losses arising from Defendants' wrongful conduct in closing a separate mortgage loan on the same real property.  Since, as between the state court action and instant federal court action, there are no parallel matters in controversy and the parties are not the same, Defendants' request to stay or abate the instant action should be denied in its entirety.

## II. DEFENDANTS' REQUEST FOR STAY SHOULD BE DENIED.

**A. A Stay or Abatement of this Action Pending Resolution of the State Court Action is Improper Because the Actions Do Not Involve the Same Parties or the Same Subject Matter.**

As the primary basis for its Motion, Defendants rely upon the so-called "first-filed rule". [DE 42 p. 6, ¶ 17].  The first-filed rule "holds that when parties have instituted competing or parallel litigation in separate federal courts, the court initially having jurisdiction should hear the case." *Supreme Intern. Corp. v. Anheuser-Busch, Inc*., 972 F.Supp. 604, 606 (S.D. Fla. 1997).  Stated differently, the "first-filed rule is applied in situations … in which two actions involving overlapping issues and parties are pending in two federal courts[;]…[t]he first-filed rule carries the presumption that the forum in which the case was first filed is the favored forum." *National Union Fire Ins. Co. of Pittsburgh, PA v. Beta Construction LLC*, No. 8:10–cv–1541–T–26TBM, 2010 WL 3789042, *3 (M.D. Fla. Sept. 24, 2010) (citations and quotations omitted).  In short, in order for a court to stay a case under the first-filed rule, the two federal court cases at issue must involve the same issues and parties.  The instant case and the pending state court foreclosure case do not meet these prerequisites.

### 1. *The Two Actions Involve Different Parties.*

The parties to the present case are the FDIC-R, as Plaintiff, and Gil and Stewart Title Guaranty Company, as Defendants.  Neither the FDIC-R nor any of the Defendants is a named party to the state court action, and Defendants acknowledge as much in their motion, at least with respect to themselves.  [DE 42 p. 5, ¶ 13] ("… Gil is not a party to the Foreclosure Action…").

Moreover, stays have been deemed inappropriate even where a plaintiff in one action was a named defendant in the second action.  For example, in *Sunshine State Serv. Corp. v. Dove Invs. of Hillsborough,* 468 So. 2d 281 (Fla. 5th DCA 1985), the court quashed a circuit court order staying petitioner's state court mortgage foreclosure and quiet title action pending disposition of respondent's action in federal court in which they reasserted and incorporated their

tort counterclaims alleged in the state court action. The court's decision to quash the stay was based on the following observations, among others: (1) although all plaintiffs in the state court action were defendants in the federal action, these plaintiffs sought relief against certain parties in the state proceeding who were not parties in the federal action; and (2) the stay forced petitioners to await the conclusion of the federal case before pursuing their dispute against the defendants who were not parties to the federal action. *Id.*; s*ee also Harper v. E.I. Du Pont de Nemours and Co.,* 802 So. 2d 505, 510 (Fla. 4th DCA 2001).

There is even less identity between the parties in this case than in *Sunshine State* or *Harper,* where some parties overlapped in both actions. In *Harper,* the court expressed concern about petitioners being forced to await the conclusion of federal actions to which they were not parties before they could prosecute their claims. Similarly, it would be unfair to stay or abate the present action and force the FDIC-R to await the conclusion of the state court action, to which it is not a party, before it can prosecute its claims against the Defendants who are also not named parties in the state court action. Furthermore, the length of such wait would be uncertain, as the stay requested by Defendants' motion is not time specific, further prejudicing the FDIC-R's ability to prepare and preserve evidence and testimony that it would later use to pursue this action. For all of the forgoing reasons, the application of first-filed rule is inappropriate in the present action.

### 2. *The Two Actions Involve Different Subject Matter*

In addition to a distinct difference among the parties in the two actions at issue, there is also a distinct difference in the nature of the claims asserted in the two actions. The state court action asserts equitable claims for foreclosure based upon the banks' competing liens on the property. By contrast, the federal action focuses on the Defendants' improper actions in failing to notify Colonial Bank regarding a separate mortgage loan for the same property (which the Defendants deposited into their bank account and disbursed to parties in a manner other than reflected in the HUD-1 Settlement Statement provided to Colonial Bank), and their subsequent and purposeful delay in recording of Colonial Bank's mortgage until after it recorded the Mellon Bank mortgage.

Defendants argue in their Motion that common to both actions is the issue of the priority of Colonial Bank's lien vis-à-vis Mellon Bank's lien, and that a ruling by the state court on this

issue will be dispositive for the federal court action. [DE 42]. This argument is unfounded and misleading. Although the state court action may address the issue of the priority of Colonial Bank's lien vis-à-vis Mellon Bank's lien, the state court action will not determine whether or not Defendants acted in breach of their closing instructions or in violation of their fiduciary duties. Moreover, regardless of what the state court action determines, no issue in the instant federal court case will be resolved. More specifically, regardless of the outcome of the state court action, to the extent the FDIC-R has suffered damages (which it has in the form of an under-secured mortgage that Colonial Bank would have never funded had it known the true nature of the transaction), Defendants will remain liable for those damages so long as it is found to have violated the closing instructions or its fiduciary duties or has otherwise engaged in negligent misrepresentations. In short, the state court action cannot resolve the issues at hand in this case, nor can it address the damages suffered by the FDIC-R, and therefore the first-filed rule does not apply.

   3. *The state court action poses no danger of double recovery in this action.*

Defendants' Motion further asserts a purported concern for double recovery by the FDIC-R depending upon how the state court action is resolved. Such a concern is also unfounded. Even if the state court action is resolved such that BB&T is placed in first lien position, the FDIC-R will still be entitled to damages to the extent the loan is under-secured by the collateral, as alleged in the FDIC-R's complaint. *See* Complaint [DE 1 at ¶¶ 42, 48, and 55]. If BB&T is placed in first position and forecloses on the property, the FDIC-R will still have damages in the form of the difference between the loss on the loan and the amount of mitigation obtained through foreclosure of the property. As such, proceeding with the instant federal court action presents no threat of double recovery.

**B. Pendency of an Action in the State Court is No Bar to Proceedings Concerning the Same Matter in the Federal Court Having Jurisdiction**

Defendants do not deny that this Court has original jurisdiction in this matter. The provisions of 28 U.S.C. § 1345 provide: "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of

Case No.: 12-22939-CIV-LENARD/O'SULLIVAN

Congress." Under 12 U.S.C. § 1819(b)(1), the FDIC-R is an agency of the United States for the purposes of 28 U.S.C. § 1345.

Moreover, as discussed above, the instant action and the state court action simply do not involve the same claims. Even if the same case were before the two courts, this Court could and should proceed in adjudicating the claims at hand:

> The rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction, for both the state and Federal courts have certain concurrent jurisdiction over such controversies, and when they arise between citizens of different states the Federal jurisdiction may be invoked, and the cause carried to judgment, notwithstanding a state court may also have taken jurisdiction of the same case.

*McClellan v. Carland,* 217 U.S. 268, 282 (1910).

In the present case, the United States District Court for the Southern District of Florida acquired jurisdiction under 28 U.S.C. §1331 and 12 U.S.C. §1819 (b)(2)(A) because the FDIC-R is a party and therefore the controversy arises under the laws of the United States. As federal question jurisdiction has been invoked, this Court may proceed to hear and determine the case, notwithstanding that a state court may also have taken jurisdiction even if the state court action involved the same claims (which, as shown above, is not even the case here).

C. **Defendants' Motion is No More Than a Thinly Disguised Attempt to Circumvent an Easily Defeated Argument for Application of the Abstention Doctrine.**

Though couched in terms of a request to stay or abate the instant action, Defendants' Motion really seeks application of the abstention doctrine. A stay or abatement of this action under the doctrine of abstention is inappropriate.

The United States Supreme Court has declared that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). In support of this statement, the Court cited to its earlier decisions on the subject:

> The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR STAY

> in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.

*County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-189 (1959). "[I]t was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it." *Alabama Pub. Serv. Comm'n. v. Southern R. Co.*, 341 U.S. 341, 361 (1951) (Frankfurter, J., concurring in result).

The U.S. Supreme Court stated that the circumstances appropriate for abstention are limited to three general categories: (1) cases presenting a federal constitutional issue for decision which might be mooted by a state court determination of pertinent state law; (2) cases presenting difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; and (3) cases in which federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings. *See Id.* The present state action does not fall within any of these categories of abstention nor do the Defendants offer any reasonable argument how any of the three categories apply in the instant matter. Accordingly, Defendants' Motion cannot be supported under the abstention doctrine in any of its forms, and as such, the Motion should be denied.

### III.    CONCLUSION

The federal and state court actions referenced by Defendants' Motion do not involve the same parties nor do they involve the same issues, and as such, the first-filed rule relied upon by the Defendants does not apply. Accordingly, the FDIC-R respectfully requests that Defendants' Motion be denied.

DATED this 15th day of April, 2013.

> **WELBAUM GUERNSEY**
> Attorneys at Law
> 901 Ponce de Leon Boulevard
> Penthouse Suite
> Coral Gables, Florida 33134
> Telephone: (305) 441-8900
> Fax: (305) 441-2255

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR STAY

Case No.: 12-22939-CIV-LENARD/O'SULLIVAN

By: *s/ Michael J. Rune, II*
**Michael Jay Rune, II**
Florida Bar No. 0086355
mrune@welbaum.com
**Robert A. Hingston**
Florida Bar No. 181185
rhingston@welbaum.com
**Heather M. Jonczak**
Florida Bar No. 91740
hjonczak@welbaum.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

By: */s/ Heather M. Jonczak*
Heather M. Jonczak, Esq.

## SERVICE LIST

Kenneth S. Pollock, Esq.
ken@shendellpollock.com
Shendell & Pollock, P.L.
Fountain Square
2700 North Military Trail
Boca Raton, Florida 33431
Telephone: (561) 241-2323
Facsimile: (561) 241-2330
*Counsel for Gil Defendants*

Mark A. Brown, Esq.
mbrown@carltonfields.com
Marty J. Solomon, Esq.
msolomon@carltonfields.com
Carlton Fields, P.A.
4221 W. Boy Scout Boulevard
10th Floor – Corporate Center III
Tampa, Florida 33067
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
*Counsel for Stewart Title*

-8-

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR STAY