UNITED STATES DISTRICT COURT
SOUTHN DISTRICT OF FLORIDA
**MIAMI DIVISION**

CASE NO.: 12-CV-22939-CV-LENARD/O'SULLIVAN

FEDERAL DEPOSIT INSURANCE COPRATION,
AS RECEIVER FOR COLONIAL BANK,

    Plaintiff,

v.

CARLOS A. GIL, an individual; CARLOS A. GIL,
P.A., a Florida corporation; and STEWART TITLE
GUARANTY COMPANY, a Nebraska insurance
company,

    Defendants.
_____/

## DEFENDANTS, CARLOS A. GIL AND CARLOS A. GIL, P.A.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY OR ABATE PROCEEDINGS

Defendants, CARLOS A. GIL and CARLOS A. GIL, P.A. ("Gil Defendants"), by and through their undersigned counsel submit their Reply to Plaintiff's Opposition to Defendants' Motion to Stay or Abate Proceedings ("Opposition Memo") [DE 43] and state as follows:

1. The Gil Defendants dispute Plaintiff's characterization in its Opposition Memo of the events that transpired as alleged against the Gil Defendants. Plaintiff also claims that the state court action (the "Foreclosure action") is unrelated to the instant action. Opposition Memo, p. 2. Plaintiff ignores the fact that the resolution of the Foreclosure action will significantly impact the damages sought in the instant action. Although the parties in both actions may not be identical, and the causes of actions are different, the issues of damages in both actions are inherently related. Therefore, in the interest of judicial economy the instant case should be stayed pending the outcome of the Foreclosure action.

**PLAINTIFF'S ARGUMENT THAT STATE COURT ACTION DOES NOT INVOLVE THE SAME EXACT PARTIES OR THE SAME SUBJECT MATTER AS IN THE INSTANT ACTION MISSES THE POINT.**

1. Plaintiff's argument that the "first-filed rule" should not apply because this case does not involve two federal cases with the same issues and the same parties ignores the primary purposes of the "rule," which are to conserve judicial resources and avoid conflicting rulings. *Supreme Intern. Corp. v. Anheuser-Busch, Inc.*, 972 F.Supp. 604, 606 (S.D. Fla. 1997). This is precisely what the Gil Defendants are proposing to the Court, that staying/abating the instant action will conserve judicial resources and avoid conflicting rulings by allowing the Foreclosure action to conclude prior to continuing to litigate the instant action.

2. Two cases cited by Plaintiff state the general "first-filed rule" but are not otherwise helpful. Both cases involve lawsuits filed in different states. The first case, *Supreme v. Anheuser-Busch*, *supra,* not only cites the "first-filed rule," it actually applies the rule and grants defendant Anheuser-Busch's motion to stay the proceedings where Anheuser-Busch filed its declaratory action in Missouri prior to Supreme filing its trademark infringement suit against Anheuser-Busch in Florida. The court noted that "the first-filed action is preferred, even if it is declaratory, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Id.* at 606. (Citation omitted.)

3. The second case cited by Plaintiff, *National Union Fire Insurance Co. of Pittsburgh, PA v. Beta Const. LLC*, 2010 WL 3789042 (M.D. Fla.), a Chinese drywall case, involves a declaratory action. The defendants wanted to move the action to Louisiana, the forum where Chinese drywall multi-district litigation was pending. However, the court refused to apply the first-filed rule because the second-filed action in Florida had no connection to Louisiana, the forum of the multi-district action. The insurance policies were issued in Florida, the drywall was

installed in Florida homes and the defendants' employees were in Florida.  In the instant case the Gil Defendants are not seeking to move or transfer the action, they only seek a stay pending the resolution of the underlying Foreclosure action.

4. Plaintiff also argues against a stay because the parties in the instant action are not parties in the Foreclosure action. Although technically true, the FDIC is the receiver for, and the BB&T is the successor to Colonial Bank in the Foreclosure action.  Their interests and reliance on the outcome of the Foreclosure action are the same.

5. Plaintiff's citation to *Sunshine State Serv. Corp. v. Dove Invs. of Hillsborough*, 468 So. 2d 281, 283 (Fla. 5th DCA 1985), is also not helpful.  This case involves a stay in a foreclosure action where the defendants subsequently filed a related action in federal court. The 5th District Court of Appeal quashed the stay noting the defendants' forum shopping-type tactics.  In contrast, the Gil Defendant's Motion to Stay has nothing to do with forum shopping or filing a similar case in another forum.  The basis for the Gil Defendants seeking a stay is related to the *damages* sought by Plaintiff and the likelihood that they will be substantially affected by the outcome of the underlying Foreclosure action.

6. Similarly, *Harper v. E.I. DuPont de Nemours and Co*., 802 So. 2d 505 (Fla. 4th DCA 2001), a complex products liability suit also involving both a state and federal action, is not applicable or binding on this court.  The 4th DCA quashed a stay that had been in place while plaintiffs awaited the outcome of related cases in federal court.  Admittedly there were different parties involved and the plaintiffs had waited a long time to prosecute their state court action. However, the plaintiffs initially agreed to the stay of their action.  Due to the nature and length of the federal litigation and other facts not present in the instant action, upon the outcome of the related cases the trial court refused to lift the stay; however, the 4th DCA allowed the plaintiffs

to finally proceed with their state court action. There is absolutely no similarity in *Harper* to the instant case, where the Gil Defendants seek a stay only until the Foreclosure action is resolved.

7. Plaintiff makes a distinction between the nature of the claims asserted in the instant action compared to the Foreclosure action. The Gil Defendants remind the court that the importance of seeking the stay is related to the damages sought Plaintiff, and the likely impact on those damages as well as any potential settlement as a result of the resolution of the Foreclosure action.

8. As to the damages, Plaintiff claims that its loan will be under-secured even if BB&T is successful in the Foreclosure Action. However, this is likely not true since BB&T (and the FDIC) will be equitably subrogated to the extent that the prior mortgages were paid off, as argued by BB&T in its Foreclosure action. **Exhibit A attached to Defendants' Motion to Stay/Abate, ¶50**.

9. Further, Plaintiff states in its Opposition Memo [DE 43, ¶ 3, p. 5], that its remaining damages will be "the difference between the loss on the loan and the amount of mitigation obtained through foreclosure of the property." Assuming this to be a correct measure of any remaining damages, even Plaintiff cannot determine what this amount will be until the Foreclosure Action is resolved. This is another reason why the instant action should be stayed pending the outcome of the Foreclosure Action.

10. Assuming that BB&T is successful and assuming, *arguendo*, that the FDIC has a legitimate claim for damages remaining despite BB&T's superior interest, upon resolution of the Foreclosure action the parties should be able to narrow the issues as to only those claims relevant to any remaining damages that may exist. Alternatively, the parties may be able to settle the instant case depending on the outcome of the Foreclosure action.

11. Finally, the Gil Defendants acknowledge that the pendency of a State court action is no bar to a proceeding in a related federal action, as argued by Plaintiff. However, this Court has discretion whether to stay the instant action. See *McClellan v. Carland*, 217 U.S. 268 (1910), cited by Plaintiffs involving a probate action in the state court and a related action brought in federal court. When the District Court stayed the action pending the resolution of the state action the plaintiffs in the federal action sought a writ of mandamus to force the District Court to proceed with the action. Justice Day ultimately said that the U.S. District Judge should show either issue the writ or show cause as to why the case was stayed.

12. Here, the just and effective disposition of the instant action requires that it be stayed pending the outcome of the Foreclosure Action. It is irrelevant that the Foreclosure action is not also a federal action, that the Foreclosure Action does not involve the identical parties to the instant action, or that the pendency of a state action does not preclude the instant case from proceeding. The underlying goals of the "first-filed rule" remain the same – to conserve judicial resources and avoid conflicting rulings.

13. Therefore, the Gil Defendants respectfully request that this Honorable Court stay the instant action.

### THE GIL DEFENDANTS ARE NOT SEEKING A STAY UNDER THE ABSTENTION DOCTRINE

14. The Gil Defendants are not seeking a stay under the Abstention Doctrine, nor are they seeking to dismiss the case. They simply and respectfully request this Honorable Court to enter an order staying this action, which this Honorable Court has the discretion to do, since the outcome of the Foreclosure Action may substantially affect or be dispositive of the damages claimed in the instant action. *Bechtel Corp. v. Local 215, Laborers' Intl Union of North Am.*, 544

5

F.2d 1207, 1215 (3d Cir.1976); *see also* 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1838 (2d ed. 1987).

15. The case cited by Plaintiff actually supports this Court's exercise of discretion in staying the action. Although the Abstention Doctrine did not apply in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), the Court affirmed the District Court's dismissal of an action involving water rights being litigated in a state forum designated to deal with water rights, noting that there were other principles which govern in situations involving the contemporaneous exercise of concurrent jurisdiction by state and federal courts; specifically, "wise judicial administration, giving regard to conservation of judicial resources," and perhaps most important to the instant case, the "comprehensive disposition of litigation." *Id.* at 817. Mr. Justice Brennan also pointed out the recognized principle that "the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts." *Id.* at 818. In the instant case, the Foreclosure action has been proceeding since 2010, and it is exactly the principles cited above – judicial economy and the comprehensive disposition of the litigation since the Foreclosure action will affect the damage sought in the instant action – which is why this Court should stay the instant action. Again, the Gil Defendants are only seeking a stay, not dismissal.

16. Additionally, *County of Allegheny v. Frank Mashuda Company,* 360 U.S. 1959), cited in Plaintiff's Opposition Memo is not relevant to the facts at hand. There, the plaintiffs brought at action in federal court challenging the validity of an eminent domain proceeding, while the parties were already in the midst of determining the amount of damages in a state proceeding. After the damages proceeding was initiated, the landowners discovered facts that the eminent domain proceeding was an improper taking and filed suit in federal court. Justice Brennan said that the federal District Court had no basis for refusing to exercise its jurisdiction

6

under the abstention doctrine, and that no exceptional circumstances existed for dismissing the case since jurisdiction had properly been invoked. The instant case does not involve a subsequent case filed by the Gil Defendants and the Gil Defendants are not seeking dismissal.

17. Therefore, in the interest of judicial economy and to avoid wasting this Court's time on needless litigation, common sense dictates that this case should be stayed pending the outcome of the Foreclosure Action until it can be determined whether Plaintiff has any remaining damages.

WHEREFORE, Defendants CARLOS A. GIL and CARLOS A. GIL, P.A., respectfully request that this Honorable Court grant its Motion to Stay or Abate Proceedings Pending Resolution of the related Foreclosure Action, along with all such other relief as this Court finds just and equitable.

Dated: April 29, 2013
Boca Raton, FL

Respectfully submitted,

**SHENDELL & POLLOCK, P.L.**
*Attorneys for Gil Defendants*
Fountain Square
2700 North Military Trail
Boca Raton, Florida 33431
Phone: (561) 241-2323
Fax:    (561) 241-2330
Email: ken@shendellpollock.com

By:     /s/ Kenneth S. Pollock
        Kenneth S. Pollock
        Florida Bar No.: 69558

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, this 29th day of April, 2013. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/ Kenneth S. Pollock
       Kenneth S. Pollock

## SERVICE LIST

| | |
|---|---|
| Michael Jay Rune, II, Esq.<br>Robert A. Higston, Esq.<br>Melissa G. Gomberg, Esq.<br>*Attorneys for Plaintiff*<br>Welbaum Guersney<br>901 Ponce De Leon Boulevard<br>Penthouse Suite<br>Miami, FL 33134<br>Phone: (305) 441-8900<br>Fax: (305) 441-2255<br>Email: mrune@welbaum.com<br>       rhingston@welbaum.com<br>       mgomberg@welbaum.com<br><br>**[VIA CM/ECF]** | Marty Solomon, Esq.<br>Mark A. Brown, Esq.<br>*Attorneys for Stewart Title*<br>Carlton Fields<br>4221 W. Boy Scot Boulevard<br>10th Floor – Corporate Center III<br>Tampa, FL 33067-5736<br>Phone: (813) 223-7000<br>Fax: (813) 229-4133<br><br>Thomas Meeks, Esq.<br>*Attorneys for Stewart Title*<br>Carlton Fields, PA<br>100 SE Second Street<br>Ste. 400<br>Miami, FL 33131<br>Phone: (305) 530-0050<br>Fax: (305) 530-0055<br>Email: msolomon@carltonfields.com<br>       mbrown@carltonfields.com<br>       tmeeks@carltonfields.com<br><br>**[VIA CM/ECF]** |